HOUSTON, Justice,
dissenting.
General Jackson did not attempt to redeem the property. It sued Regions for a “phantom surplus” it alleged arose from the foreclosure.
It is undisputed that a 15% attorney fee, amounting to $92,841, would have been reasonable. The mortgage provided that the proceeds of the sale would be applied “to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorney fees.” The attorney representing the mortgagee charged a 15% attorney fee, but agreed to accept only $3,345, when the foreclosed property resold for only $620,000. The $620,000 was only $1,056.42 more than the principal balance owed ($588,618.45), plus accrued interest ($29,173.86) and accrued late charges ($1,151.27), and was $2,444.62 less than the principal balance owed, accrued interest and late charges, and expenses of the sale, including the reduced attorney fee. I believe the summary judgment was proper. I would quash the writ; therefore, I dissent.
If the mortgagor gets this windfall, then the attorney should have an action against the mortgagor for the balance of his “reasonable” attorney fee earned in foreclosing this mortgage.